IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GAIL F. McCLOSKEY, )
 )
       Plaintiff, )
 )
vs. ) Civil Action No. 10-281-J
 )
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

O R D E R

AND NOW, this 6th day of March, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff argues, essentially, that the Administrative Law Judge ("ALJ") erred in not considering evidence from February of 2008 and going forward in finding that she was not disabled as of the date she was last insured, September 30, 2006. She argues that this later evidence demonstrates a pre-existing condition going back to before September of 2006. The Court finds no merit in this argument.

"[M]edical evidence generated after the date last insured is only relevant to the extent it is reasonably proximate in time or relates back to the period at issue." Alston v. Astrue, 2011 WL 4737605, at *3 (W.D. Pa. Oct. 5, 2011). See also Tecza v. Astrue, 2009 WL 1651536, at *9-10 (W.D. Pa. June 10, 2009)(collecting cases). Here, the later medical evidence on which Plaintiff relies post-dates her last insured date by approximately 17 months or more. Moreover, nothing indicates that the findings in any way relate back to the relevant time period. To the contrary, both Dr. Michael C. Saltzburg and Dr. Melissa Mitchell, PT, indicate that Plaintiff began to experience the back pain for which they were treating her around or slightly before February of 2008. This evidence in no way relates back to the insured period and demonstrates no impairments to Plaintiff's ability to work during that period.

The Court further notes that this case is not like the one in Newell v. Comm'r of Soc. Sec., 347 F.3d 541 (3d Cir. 2003). Here, unlike in that case, there is a great deal of medical evidence prior to the date last insured – there is just none that demonstrates disability. Moreover, as discussed above, the later evidence expressly relates to symptoms that began long after the expiration of the insured period. Further, unlike the case in Newell, the present case was not decided at Step Two of the five-step sequential process set forth at 20 C.F.R. § 404.1520, a de minimus screening device to dispose of groundless claims.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and defendant's Motion for Summary Judgment (document No. 16) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record